UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAYMOND J. DONOVAN,

*Plaintiff*,

v.

DRAGADOS, S.A.; DRAGADOS INVERSIONES USA, S.L.; and NEWARK REAL ESTATE HOLDINGS, INC.,

*Defendants*.

Civil No.: 09-409 (KSH) (CLW)

**OPINION AND ORDER**

**THIS MATTER** comes by way of the supplemental application of defendants, Dragados, S.A., Dragados Inversiones USA, S.L., and Newark Real Estate Holdings, Inc. (collectively "Dragados") (D.E. 321), for attorneys' fees and litigation costs totaling $273,022.39, incurred between April 1, 2014 and June 29, 2015 in connection with the following: (1) Dragados's supplemental fee application for fees incurred in February and March 2014; (2) Dragados's objections to the Special Master's Report and Recommendation ("Report") (D.E. 293); (3) responding to Donovan's motion to adopt in part and modify in part the Special Master's Report; (4) responding to Donovan's motion for a determination of tax benefit reduction; and (5) the hearing before this Court on the tax benefit reduction.

Plaintiff Raymond J. Donovan ("Donovan") opposes (D.E. 322), contending that the supplemental fees sought by Dragados are not recoverable under the Stock Purchase Agreement ("SPA") because they are fees-on-fees, which are not explicitly included in the defined term

1

"Parent Losses." His second point is that Dragados is only entitled to attorneys' fees for work done on issues where it was victorious, and because it failed to differentiate indemnifiable fees from those expended in pursuit of unsuccessful motions, its application fails. Finally, Donovan argues the amounts sought are unreasonable.

### I. Whether Dragados's Supplemental Fees Are Within the Scope of the SPA

Donovan claims that the fees Dragados wants reimbursement for are not "Parent Losses" under the SPA because they are "fees-on-fees," a term not found in the SPA definition. He cites a case in this district where the court denied attorneys' fees because the term "attorneys' fees" did not appear in the contractual provision describing indemnifiable losses, and a case out of the Second Circuit case articulating New York's requirement of specific contractual language for recovery of fees-on-fees.[1] *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1267 (2d Cir. 1987); *Days Inn v. BFC Mgmt.*, 544 F.Supp. 2d 401, 408 (D.N.J. 2008) (Wigenton, J.).

Neither of these cases dictate a result in favor of Donovan here. *Days Inn* is not instructive because the contractual provision there is distinguishable from the SPA provision at issue. In *Days Inn*, the indemnity provision held the defendant "harmless from any and all debts, liabilities, claims and obligations of the Corporation now existing or which may hereafter arise." 544 F.Supp. 2d at 408. The court did not construe this language to include attorneys' fees where they were not explicitly referenced and where it was questionable whether the fees constituted a debt "of the Corporation." *Id.* The SPA, on the other hand, defines "Parent Losses" broadly and explicitly includes attorneys' fees: "any and all actual losses, liabilities, damages, judgments, settlements and expenses (including . . . reasonable attorneys' fees . . . incurred in the defense of any of the

---

[1] Donovan also cites to a New Jersey Supreme Court case that does not lend support to his position. *Ramos v. Browning Ferris*, 103 N.J. 177, 186, 191 (N.J. 1986) (noting that "a contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such an intention is expressed in unequivocal terms").

2

same or in asserting, preserving or enforcing any of the rights . . . arising under Articles X and XI) . . . which are caused by, arise from or are related to" a breach by Donovan of representations made under Articles IV or VII. (SPA § 1.1.) While the SPA definition of "Parent Losses" does not include the term "fees-on-fees," it also does not limit recoverable attorneys' fees to those expended in the underlying action. Rather, the contractual test is one of reasonableness and relation to a breach of the agreement.

Nor does the Second Circuit case lend support, as it states New York law. *F.H. Krear & Co.*, 810 F.2d at 1267. Contrary to what Donovan implies by including this reference, New Jersey courts have not required that the term "fees-on-fees" be in the contractual fee shifting provision. Generally, New Jersey law disfavors fee shifting and requires that courts strictly construe contractual provisions therefor. *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (N.J. 2009). But "'a prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract.'" *Id.* (quoting *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 440 (N.J. 2001)).

Looking to the language of the SPA, section 10.1 provides that Donovan must indemnify Dragados from all Parent Losses, which include "reasonable attorneys' fees and expenses . . . incurred . . . in asserting, preserving or enforcing any of the rights of [Dragados]" provided they are "caused by, arise from or are related to: (i) any breach by [Donovan], Schiavone or SCC of any of their respective representations and warranties" encompassed within Article IV. (SPA §§ 10.1, 1.1.) The SPA plainly contains an express reference to attorneys' fees. Further, following a bench trial in 2013, the Court determined that Donovan breached sections 4.8(a) and 4.9(c) of the SPA, which are found within Article IV of the agreement. (D.E. 249 at 30-39.) Accordingly,

3

Dragados is entitled to recover reasonable attorneys' fees and costs that are "caused by, arise from or are related to" that breach. (SPA § 1.1.)

Strictly construing the contractual provision at issue, the Court finds that all of the fees requested in Dragados's supplemental fee application are ultimately caused by and related to Donovan's breach and therefore fall within the plain language of the SPA. (SPA §§ 10.1, 1.1.) Following this Court's finding that Donovan breached the SPA, Dragados was entitled to indemnification for Parent Losses. Dragados incurred the supplemental fees at issue in litigating the amount of fees and costs that Donovan had a duty to pay under section 10.1 of the SPA as a result of the breach. Accordingly, the fees sought here are "related to" and ultimately "caused by" Donovan's breach. (SPA § 1.1.) The fact that they were incurred, in part, before a Special Master does not negate their connection to Donovan's breach.

## II. Whether the Amounts Sought are Reasonable

Even where recovery of attorneys' fees is provided for by contract, any such fees must be reasonable. *Litton Indus., Inc.*, 200 N.J. 385-88. As part of its reasonableness inquiry, the Court must first determine "whether the party seeking the fee prevailed in the litigation." *North Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 185 N.J. 561, 570 (N.J. 1999). Where "a party is successful in less than all of its claims, those hours related to . . . unsuccessful contract claims" should be excluded. *Litton Indus., Inc.*, 200 N.J. at 407 (citing *Singer v. State*, 95 N.J. 487, 500 (N.J. 1984) ("While a plaintiff should recover for those hours reasonably related to or supportive of his successful claims, hours devoted to claims that are entirely distinct from the relevant successful claims should be excluded.")).

Donovan argues that Dragados should have differentiated fees incurred in successfully enforcing SPA rights from those incurred in pressing arguments that did not succeed, such as in

objecting to certain portions of the Special Master's Report. The language of the SPA does not require success on individual portions of the litigation for attorneys' fees to constitute Parent Losses. Rather, the contractual test is whether the fees are "caused by, arise from or are related to" Donovan's breach. (SPA §§ 1.1). Donovan is correct that New Jersey law requires, as part of a reasonableness determination, that "the party seeking the fee [have] prevailed in the litigation." *North Bergen Rex Transp., Inc.*, 185 N.J. at 570. However, Dragados meets this test. It was successful in the litigation as a whole. The fees sought are related to the continued enforcement of Dragados's rights with respect to that successful claim for breach of contract, not some other claim the Court resolved in Donovan's favor. Donovan's attempt to break the litigation into piecemeal motion practice and determine attorneys' fees based on each procedural undertaking in the case is not required by New Jersey's fee shifting jurisprudence. The Court is satisfied that the fees and costs fall within the scope of the SPA and represent recoverable Parent Losses under the law.

      Donovan further argues that the hourly rates billed are unreasonably high because they exceed the rates set by Judge Keefe. However, Dragados has stayed true to the rules Judge Keefe laid down in his Report for determining reasonable attorneys' fees and costs (D.E. 293), which this Court adopted by way of order on June 29, 2015 (D.E. 315). Each attorney's hourly billing rate has been discounted by 18% to harmonize it with reasonable New Jersey rates, as Judge Keefe required, and the rate reflects a not unexpected increase over time. *See Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (emphasis added) (citation and internal quotation marks omitted) ("The court should assess the *experience and skill* of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation.").[2] Court does not find the number of hours billed to be excessive given the amount of litigation undertaken.

Donovan specifically opposes one cost item: $37,460.25 that Dragados incurred for remote data storage after the trial record closed two years ago. He argues that "[t]he data should have been saved to hard drives and stored at a nominal, one-time cost." Throughout the litigation, Donovan has repeatedly requested that the Court, both on the record and through orders, clarify certain rulings so as to frame the issue for a potential appeal. Dragados appropriately maintained the voluminous records and documents that were generated to ensure that it retained all relevant material for appeal. Dragados details the remaining costs in paragraph 11 and Exhibit B to the declaration of David I. Zalman and addresses their reasonableness in paragraph 13. Having reviewed the information submitted, the Court finds that the costs, including the $37,460.25 cost incurred for data storage, are reasonable.

For the forgoing reasons,

**IT IS** on this 17th day of November, 2015,

**ORDERED** that Dragados's supplemental application for attorneys' fees and costs in the amount of $273,022.39 is granted.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[2] Donovan takes particular issue with Elisheva Teitz's ("Teitz") hourly rate, which he asserts is $840.00. That rate, however, is Teitz's New York rate and accounts for his 35 years of legal experience. Dragados requests indemnification of Teitz's work at a rate of $688.80 per hour, which reflects the 18% discount rate used by Judge Keefe.